# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) Case No. 3:18-cr-00040-SLG-DMS |
|---|---|
| Plaintiff, | ) **MEMORANDUM DECISION AND** |
| | ) **ORDER GRANTING** |
| v. | ) **GOVERNMENT'S MOTION TO** |
| | ) **RESTRICT TELEPHONE ACCESS** |
| MICHAEL W. MOORE, Jr., | ) **[DOCS. 28; 31; 34]** |
| | ) |
| Defendant. | ) |

This matter came on for hearing on June 8, 2018. The USA was represented by Andrea T. Steward and Adam Alexander. The defendant was represented by John M. Murtaugh. The Court heard testimony from the government's witness and reviewed transcripts of phone calls made by the defendant from jail. The Court is fully informed.

Defendant was subject to the Court's order of May 18 (ECF 29) restricting his access to telephone, visitor and mail contact with persons other than his attorney. This order resulted from a previous order of May 15 (ECF 26) that allowed jail staff to retrieve all of the defendant's copies of discovery from his jail cell based on the government's belief that defendant wished to provide the discovery to third persons as corroboration of a potential government witness cooperating with the prosecution of defendant's case. Defendant allegedly urged the third persons to take actions to either harm the potential witness or dissuade him/her from cooperating.

After said orders issued, it was the government's belief that, based on further monitoring of the defendant's phone calls from jail, the defendant continued to urge third persons to do something to harm the potential witness. The government filed motions to expand the scope of the Court's order of May 18 for an additional period of time and to restrict all of defendant's contact via telephone, visits, or written communication. This would effectively eliminate all of defendant's non- attorney communication during the time in question. Additionally, the government requested that defendant be placed in administrative segregation so that he could not communicate with other inmates who might have outside contact with those who could assist defendant in his goal.

The Court is aware of the cases cited by the parties. Any restrictions sought by the incarcerating facility have to be reasonably connected to a legitimate government objective. Here, that objective is to make safe a person who may be a government witness currently threatened by statements made by defendant to third persons outside the jail.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

This Court makes the following findings:

1. Defendant did continue to make efforts to contact persons outside the jail on at least 29 different occasions by using the telephone PINs from other inmates to make telephone contact with third persons after May 19, 2018.

2. Defendant's girlfriend, Jackie Brewer, did use other persons' identification to gain access to the jail for visits with defendant. Several of the telephone calls from the defendant made before May 18 and after were with Ms. Brewer, when harming the potential witness was discussed or was probably discussed.

3. Defendant expressed the belief in his telephone call with Ms. Brewer on May 28, 2018 that jail staff would have to return his discovery, which would allow him to continue to try and send that discovery outside the jail to third persons with whom he had discussed harming the potential witness.

This Court orders:

1. The government's Motion to Restrict Telephone Access (ECF 28; 31; 34) is **GRANTED**. The defendant shall have no telephone contact with anyone other than his attorney during the pendency of this Order;

2. The defendant may have no visitors other than his attorney. In the event the defendant names someone with a legitimate purpose for a visit, that person may be vetted by jail staff and the government's attorney and, if the visit is not allowed, the defendant may seek recourse with this court.

3. All of the defendant's outgoing mail shall be screened. All incoming mail shall be screened but defendant should be allowed to receive books, magazines and

periodicals approved by the Department of Corrections. Legal mail shall be treated as normal by jail staff.

    4. The government's motion to place the defendant in administrative segregation (ECF 28; 34) is **GRANTED**, subject to review at the next hearing.

    5. This matter shall be reviewed on Monday, **July 9, 2018, at 10:00am**.

IT IS SO ORDERED this 11th day of June, 2018.

/s/ *James P. Hutton*
U.S. MAGISTRATE JUDGE
