# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| MICHAEL W. MOORE, JR., | Case No. 3:18-cr-00040-SLG |
| Defendant. | |

### ORDER RE 28 U.S.C. § 2255 MOTION

Before the Court at Docket 326 is Defendant Michael Moore's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] The Government responded in opposition at Docket 347. Mr. Moore was appointed defense counsel, who submitted a reply at Docket 352. Mr. Moore requested an evidentiary hearing. However, Mr. Moore has only raised questions of law that do not necessitate an evidentiary hearing. And, as explained below, the Court finds that the records of this case conclusively show that Mr. Moore is not entitled to relief. Having considered each party's filings and the record in this case, the Court now makes the following findings and conclusions as to the § 2255 claims raised in this case.

---

[1] *See also* Docket 327 ("Memorandum of Law in Support of Petitioner Moore's Motion Under 28 U.S.C. Section 2255").

## BACKGROUND

In March 2018, Mr. Moore was indicted on two counts: Conspiracy to Commit Credit Union Robbery and Credit Union Robbery.[2] A superseding indictment amended the count of Credit Union Robbery to Armed Robbery of a Credit Union and added a count of Brandishing a Firearm During and in Relation to and in Furtherance of a Credit Union Robbery.[3] In the superseding indictment, the Government alleged (1) that Mr. Moore and a co-conspirator obtained a firearm for the purpose of robbing a credit union; (2) that Mr. Moore drove his co-conspirator to the credit union, whereupon the co-conspirator brandished the firearm and robbed the credit union while Mr. Moore waited in the car; and (3) that Mr. Moore then drove his co-conspirator away after the robbery.[4] Mr. Moore's case was tried by a jury in May 2019; he was represented at trial by attorney John Murtagh.[5] The jury convicted Mr. Moore of all three counts in the superseding indictment.[6] Mr. Moore was sentenced in September 2019 to a total term of 192 months imprisonment.[7] Shortly thereafter, Mr. Moore filed a notice of appeal,

---

[2] Docket 11.

[3] Docket 54.

[4] Docket 54 at 2-3.

[5] *See* Docket 207.

[6] Docket 229.

[7] Docket 273.

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 2 of 11
Case 3:18-cr-00040-SLG   Document 357   Filed 04/18/23   Page 2 of 11

appealing his convictions only.[8]  He was represented by attorney Jane Martinez on appeal.[9]

The Ninth Circuit Court of Appeals affirmed Mr. Moore's convictions in August 2020 and issued its mandate on September 21, 2020.[10]  Mr. Moore filed his pro se § 2255 motion on November 16, 2021.[11]  In the motion, Mr. Moore requests vacatur of his conviction for brandishing a firearm in violation of 18 U.S.C. § 924(c).[12]  His pro se motion raises the following claims:

1. Claim 1 asserts that Mr. Moore is "factually innocent of his conviction under 18 U.S.C. 924(c)" because "he cannot be convicted of violating Section 924(c) based upon conspiratorial liability," and that the Government should have instead charged him pursuant to 18 U.S.C. § 924(o).[13]

2. Claim 2 asserts that Mr. Moore's counsel at trial rendered ineffective assistance "by failing to challenge the jury instruction[s]" which "omitted a key element of the [18 U.S.C. § 924(c)] offense in violation of Mr.

---

[8] Docket 275; Docket 276.

[9] Docket 283.

[10] Docket 321; Docket 322.

[11] Docket 326.

[12] Docket 326 at 13.

[13] Docket 326 at 4; Docket 327 at 6-17.

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 3 of 11
Case 3:18-cr-00040-SLG   Document 357   Filed 04/18/23   Page 3 of 11

Moore's Due Process under the Fifth Amendment"—specifically, "the element of actual use, carry, or brandish of the firearm"—and by failing to "advanc[e] the most promising defense theories available";[14] and

3. Claim 3 alleges that Mr. Moore "is actually innocent of his conviction under 18 U.S.C. 924(c) because the predicate offense[s]" to which it is attached—Conspiracy pursuant to 18 U.S.C. § 371 and Bank Robbery pursuant to 18 U.S.C. § 2113(a) and (d)—do not qualify as "crime[s] of violence."[15]

The Government opposes Mr. Moore's motion and asserts that Claims 1 and 3 are procedurally defaulted because they were not raised on direct appeal, that Mr. Moore did not show "good cause and actual prejudice," and that Mr. Moore "failed to show he is actually innocent."[16] The Government further maintains that Mr. Moore's trial counsel was effective despite Mr. Moore's claims that counsel failed to argue against an aiding and abetting theory, because "the law permits a defendant's conviction for 18 U.S.C. § 924(c) under and [sic] aiding and abetting theory."[17]

---

[14] Docket 326 at 5-6; Docket 327 at 17-21.

[15] Docket 326 at 7; Docket 327 at 21-27.

[16] Docket 347 at 4-5.

[17] Docket 347 at 8 (citing *Rosemond v. United States*, 572 U.S. 65, 80 (2014)).

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 4 of 11
Case 3:18-cr-00040-SLG   Document 357   Filed 04/18/23   Page 4 of 11

In his counselled reply, Mr. Moore responds only as to the crime of violence claim and contends that the underlying predicate crimes are not crimes of violence.[18] Counsel asserts that the Ninth Circuit binding precedent to the contrary, *United States v. Watson*, was wrongly decided.[19]

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a district court may "vacate, set aside or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. On a motion for § 2255 relief, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[20] If the Court determines that relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[21]

### I.     Claim 1:  Mr. Moore's Conviction Pursuant to 18 U.S.C. § 924(c)

Mr. Moore contends that the Government incorrectly charged him with a violation of 18 U.S.C. § 924(c), through "conspiratorial liability," for his part in the

---

[18] *See* Docket 352 at 2-6.

[19] *See* Docket 352 at 3-6 (citing *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (per curiam)).

[20] 28 U.S.C. § 2255(b).

[21] *Id.*

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 5 of 11
Case 3:18-cr-00040-SLG   Document 357   Filed 04/18/23   Page 5 of 11

credit union robbery.²² He maintains that the Government should have instead charged him pursuant to 18 U.S.C. § 924(o).²³ He asserts that he is therefore "factually innocent" of a violation of 18 U.S.C. § 924(c).²⁴ The Government contends that Mr. Moore's claim is procedurally defaulted because he did not raise it on direct appeal and has not shown that he is factually innocent.²⁵

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"²⁶ This means that a defendant must show either that (1) he had good cause for not raising the claim earlier and would suffer "actual prejudice" if it were not now

---

²² Mr. Moore was convicted of 18 U.S.C. § 924(c)(1)(A)(ii), which states in relevant part:

> [A]ny person who, during and in relation to any crime of violence . . . (including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . -- if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

²³ 18 U.S.C. § 924(o) states:

> A person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both; and if the firearm is a machinegun or destructive device, or is equipped with a firearm silencer or muffler, shall be imprisoned for any term of years or life.

²⁴ Docket 327 at 6.

²⁵ Docket 347 at 4-5.

²⁶ *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 6 of 11
Case 3:18-cr-00040-SLG   Document 357   Filed 04/18/23   Page 6 of 11

reviewed, or that he is actually innocent.[27] "'Actual innocence' means factual innocence, not mere legal insufficiency."[28]

Mr. Moore did not raise his first claim on direct appeal and, despite his assertion that he is factually innocent of aiding and abetting pursuant to 18 U.S.C. § 924(c), his argument is purely legal. But the law i established that a defendant may be convicted under § 924(c) under an aiding and abetting theory so long as the defendant "has the intent needed to aid and abet a § 924(c) violation when he knows [beforehand] that one of his confederates will carry a gun"; that is, the defendant-accomplice must have "knowledge at a time the accomplice can do something with it—most notably, opt to walk away."[29]

Mr. Moore was convicted at trial of violating 18 U.S.C. § 924(c).[30] On appeal, the Ninth Circuit affirmed under plain error review that "there was sufficient evidence establishing that Moore had advance knowledge that [his co-conspirator] would brandish a firearm during the robbery."[31] The law has not changed since

---

[27] *Bousley,* 523 U.S. at 624.

[28] *Bousley*, 523 U.S. at 623 (citation omitted).

[29] *Rosemond v. United States*, 572 U.S. 65, 77-78 (2014). Mr. Moore cites to *United States v. Luong*, 627 F. 3d 1306 (9th Cir. 2010), but that case is inapposite. There, the Ninth Circuit held that the trial court was without jurisdiction to review the defendants' argument challenging their convictions under section 924(c) instead of section 924(o), because the issue of resentencing was the only one then before the district court. As a result, the Ninth Circuit did not reach this argument. *Rosemond* was decided in 2014, after *Luong*, and held that a defendant may be convicted under an aiding and abetting theory under section 924(c).

[30] Docket 229 at 3.

[31] Docket 321 at 5.

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 7 of 11
Case 3:18-cr-00040-SLG Document 357 Filed 04/18/23 Page 7 of 11

Mr. Moore's conviction, and Mr. Moore has not brought forth any new facts to show that he is "factually innocent" of aiding and abetting the credit union robbery.

As to Mr. Moore's argument that the Government should have charged him pursuant to subsection (o) of the statute, "so long as the prosecutor ha[d] probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."[32] Moreover, the Ninth Circuit has "repeatedly upheld § 924(c) convictions based on accomplice liability."[33]

Accordingly, the Court finds that Claim 1 is procedurally defaulted; Mr. Moore was properly charged and convicted of a violation of 18 U.S.C. § 924(c); and the records of this case conclusively show that Mr. Moore is not entitled to relief on this claim.

## II. Claim 2: Ineffective Assistance of Counsel

In order to succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, which requires him to show both deficient performance of counsel and resulting prejudice.[34] Deficient performance requires a showing that trial counsel's

---

[32] *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

[33] *United States v. Henry*, 984 F.3d 1343, 1356 (9th Cir.), *cert. denied*, 142 S. Ct. 376 (2021).

[34] 466 U.S. 668, 687 (1984).

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 8 of 11
Case 3:18-cr-00040-SLG   Document 357   Filed 04/18/23   Page 8 of 11

representation "fell below an objective standard of reasonableness" as measured by prevailing professional norms.[35] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[36] To show prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[37] Failure to meet either prong is fatal to a defendant's claim.[38]

In Claim 2, Mr. Moore contends that his trial counsel rendered ineffective assistance by failing "to challenge the jury instructions on the grounds that it omitted the specific element of actual use, carry, or brandish of the firearm."[39] Mr. Moore maintains that his "theory of defense was that he did not use, carry, or brandish a firearm as a principal" and that a jury instruction to that effect should have been given.[40] However, as discussed above, Mr. Moore can be and was appropriately convicted of a violation of § 924(c) under an accomplice liability theory for brandishing a firearm. Thus, there was no need for a jury to find that he himself actually used, carried, or brandished a firearm. Accordingly, the omission

---

[35] *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

[36] *Strickland*, 466 U.S. at 689.

[37] *Id.* at 694.

[38] *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) ("Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" (quoting *Strickland*, 466 U.S. at 697)).

[39] Docket 327 at 19.

[40] Docket 327 at 20-21.

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 9 of 11
Case 3:18-cr-00040-SLG   Document 357   Filed 04/18/23   Page 9 of 11

of that element in the jury instructions with regards to an aiding and abetting theory was not error, and Mr. Moore has not shown that his counsel was ineffective in failing to argue otherwise.

### III. Claim 3: Armed Credit Union Robbery as a Crime of Violence

Mr. Moore asserts that he is "actually innocent" of his § 924(c) conviction because its predicate offenses of conspiracy to commit a credit union robbery and armed robbery of a credit union are not "crimes of violence."[41] The Government contends that this claim is also procedurally defaulted because Mr. Moore failed to raise it on direct appeal and has not shown that he is actually innocent.[42]

"[P]redicate crimes of violence for § 924(c) charges are limited to those that have violence as an element under § 924(c)(3)(A)."[43] Section 924(c)(3)(A) provides that a "crime of violence" "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[44] Armed credit union robbery in violation of 18 U.S.C. § 2113(a) is a crime of violence.[45] Mr. Moore and his counsel assert that armed credit union robbery is not a crime of violence because it can be accomplished through intimidation or

---

[41] Docket 327 at 21; Docket 352 at 2.

[42] Docket 347 at 4.

[43] *Henry*, 984 F.3d at 1355.

[44] 18 U.S.C. § 924(c)(3)(A).

[45] *See* 18 U.S.C. § 2113(a).

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 10 of 11
Case 3:18-cr-00040-SLG   Document 357   Filed 04/18/23   Page 10 of 11

extortion.[46] However, their arguments are precluded by controlling Ninth Circuit precedent that holds to the contrary.[47]

Therefore, the Court finds that Mr. Moore's third claim is procedurally defaulted and that, even if it were not defaulted, there would still be no basis for relief on the merits of this claim.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's 28 U.S.C. § 2255 Motion at Docket 326 is DENIED. The Clerk of Court shall enter a final judgment accordingly. The Court finds that Mr. Moore has not made the requisite substantial showing of the denial of a constitutional right; therefore, a certificate of appealability will not be issued by this Court.[48] Mr. Moore may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 18th day of April, 2023, at Anchorage, Alaska.

                                             */s/ Sharon L. Gleason*
                                             UNITED STATES DISTRICT JUDGE

---

[46] Docket 326 at 7; Docket 327 at 21; Docket 352 at 2-6.

[47] *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018).

[48] 28 U.S.C. §§ 2255(d), 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'" (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983))).

Case No. 3:18-cr-00040-SLG, *USA v. Moore*
Order re 28 U.S.C. § 2255 Motion
Page 11 of 11
Case 3:18-cr-00040-SLG Document 357 Filed 04/18/23 Page 11 of 11